IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:
NANCY AKBARI-SHAHMIRZADI
aka Nancy Jacoby,

    Debtor/Appellant.                                            CIV14-0981 MV/KBM

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PENDING EMERGENCY MOTION TO STAY *(Doc.2)*

The above Debtor has filed two pro se appeals from Orders entered in Bankruptcy No. 11-15351-t11 ("Bankruptcy Proceedings"), and she has opted to have the district court, rather than the Bankruptcy Appellate Panel, decide them both. In the instant action, she appeals Bankruptcy Judge David Thuma's Order Denying Confirmation of Debtor's Plan (Doc. 258 entered October 22, 2014). In the second action, CIV 14-0982 JB/WPL, she appeals Judge Thuma's Order Confirming First Amended Plan of Liquidation Filed by Charlotte Leff, Executrix of the Estate of Jacoby June 20, 2014 (Doc. 261 entered October 27, 2014). The record for both appeals has yet to be filed and docketed, so no briefing schedules have been entered.

On November 10, 2014, Debtor filed virtually identical "Emergency Motions for a Limited Stay" in both appeals. The Court takes judicial notice that in the companion appeal before District Judge Browning, Charlotte Leff, Executrix of the Estate of Jacoby ("Leff") and Philip J. Montoya, Liquidating Trustee ("Montoya" or "Liquidating Trustee") filed a response in opposition to that motion, but they have filed no response in this appeal. As they point out in their response brief in Judge Browning's case, "There is no

reason for a stay to be granted in either case, but, to the extent that Appellant wants a stay of a bankruptcy court order, it is in this case that she wants it, because it is the order confirming the Leff plan that puts into action all the things Appellant wants to prevent." CIV 14-0982 JB/WPL, Doc. 9 at 1.

As required by Federal Rule of Bankruptcy Procedure 8005, Judge Thuma in the first instance addressed Debtor's motion for stay pending an appeal of a decision by a bankruptcy judge. In his memorandum opinion denying the motion, he mentioned the filing of the two appeals and specifically noted that "[t]he Stay Motion relates to the Confirmation Order." Bankruptcy Proceedings, Doc. 283 at 3, filed November 7, 2014. Because Debtor chose to make the Confirmation Order the subject of the appeal before Judge Browning, it should be Judge Browning who decides the emergency stay motion to which it relates.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Debtor's Emergency Motion for Limited Stay filed in the instant action be **denied**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE